IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **REX STUART KNUTSON,** | ) | CASE NO. 8:09CV64 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Plaintiff filed his Complaint on February 19, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.   **SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on February 19, 2009, against Defendant United States of America. (Filing No. 1 at CM/ECF p. 1.) Defendant operates the "Veterans Administration Medical Center" ("VAMC") in Omaha, Nebraska. (*Id*.) Plaintiff is a Nebraska resident. (*Id*.)

In his Complaint, Plaintiff alleges that he was a patient at the VAMC from February 1, 2005, through February 7, 2005. (*Id*. at CM/ECF p. 2.) During this time, VAMC staff provided Plaintiff with negligent medical care, "including, but not limited to, failing to properly administer and monitor IV fluids, and failing to properly diagnos[e] and treat his inflammatory bowel disease." (*Id*.) This negligent care allegedly caused Plaintiff to suffer a "left pan middle cerebral stroke with left stem stenosis with residuals." (*Id*.) Plaintiff

seeks $1,000,000.00 for pain, suffering, mental anguish, medical expenses, and lost income and wages.[1] (*Id*.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

---

[1] The Department of Veterans' Affairs denied Plaintiff's claims on August 22, 2008. (Filing No. 1 at CM/ECF p. 1.)

2

### III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff brings this action pursuant to the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 2671-80. Liability under the FTCA is determined by the law of the state where the act or omission occurred. 28 U.S.C. § 1346(b); *Hatahley v. United States*, 351 U.S. 173, 180 (1956). Under Nebraska Law, a plaintiff who alleges a negligence claim arising out of medical malpractice bears the burden of establishing "the generally recognized medical standard involved; that there was a deviation from that standard by the defendant; and that such deviation was the proximate cause of plaintiff's injury." *Saporta v. State*, 220 Neb. 142, 147, 368 N.W.2d 783, 786 (1985) (per curiam) (quoting *Anderson v. Moore*, 202 Neb. 452, 464, 275 N.W.2d 842, 849 (1979)). "[T]he ultimate determination of whether a party deviated from the standard of care and was therefore negligent is a question of fact." *Cerny v. Cedar Bluffs Junior/Senior Pub. Sch.*, 262 Neb. 66, 74-75, 628 N.W.2d 697, 704-05 (2001).

Here, Plaintiff has alleged sufficient facts to "nudge" his FTCA claims across the line from conceivable to plausible. As such, Plaintiff's FTCA claims against Defendant may proceed and service is now warranted. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1. Plaintiff's FTCA claims against Defendant may proceed and service is now warranted;

2. To obtain service of process on Defendant, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send ONE (1) summons forms and ONE (1) USM-285

form to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur;

3. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so;

4. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process;

5. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint;

6. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**August 4, 2009**: Check for completion of service of summons;" and

7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. **Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.**

DATED this 6th day of April, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

4